DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ARMANDO RIVAS,**
Appellant,

v.

**THE BANK OF NEW YORK MELLON** f/k/a **THE BANK OF NEW YORK,** as trustee for **THE CERTIFICATE HOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2006-33CB, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-33CB, LUZ C. RIVAS, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,** as nominee for **COUNTRYWIDE BANK, FSB, ESTATES OF BOYNTON WATERS WEST HOMEOWNERS' ASSOCIATION, INC., TENANT,**
Appellees.

No. 4D17-3824

[June 13, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Joseph Marx, Judge; L.T. Case No. 502012CA010633XXXXMBAN.

Armando Rivas, Boynton Beach, pro se.

Nancy M. Wallace of Akerman LLP, Tallahassee, William P. Heller of Akerman LLP, Fort Lauderdale, and Adam G. Schwartz of Akerman LLP, West Palm Beach, for appellee The Bank of New York Mellon.

PER CURIAM.

Affirmed. The appellant may not attack the underlying foreclosure judgment through appeal of an order granting possession of the property after sale. *See Dalrymple, Sr. v. Wells Fargo Bank, N.A.*, 237 So. 3d 389 (Fla. 4th DCA 2018). Appellant was not denied his right of redemption because the right of redemption exists only until the issuance of the certificate of sale, which took place, and certificate of title issued. *See* § 45.0315, Fla. Stat. (2017). Additionally, there was no procedural error with issuance of the writ of possession because it was issued after denial of appellant's objection to the sale and after issuance of the certificate of title. *See Caplan v. Neumann*, 699 So. 2d 1052 (Fla. 4th DCA 1997)

(holding a writ of possession must be issued after resolution of a timely objection to the sale).

WARNER, TAYLOR and LEVINE, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***